## Mancuso v. Pultrosky.

*Justice of the peace—Jurisdiction—Certiorari—Laches.*

1. A justice of the peace has jurisdiction of an action for damages where the injury is immediate and not consequential and such as would be recoverable at common law in an action *vi et armis.*

2. The twenty-day rule for taking a *certiorari* provided by the Act of March 20, 1810, 5 Sm. Laws, 161, does not apply where the justice of the peace has no jurisdiction of the parties or cause of action; but even in such case it is the duty of the party complaining to sue out the writ within twenty days after the fact that a judgment had been rendered against him came to his knowledge.

3. Defendant having taken an appeal and rested on it for over two years, and having made no move to perfect the same, is guilty of such laches that he cannot now avail himself of a *certiorari* in order to take advantage of the errors appearing in the record of the justice, and the judgment must be sustained.

*Certiorari.* C. P. Lackawanna Co., March T., 1926, No. 1300.

*J. E. Brennan,* for plaintiff; *J. E. Watkins,* for defendant.

WATSON, J.—The judgment in question was recovered Feb. 26, 1926. The defendants were in default. On Feb. 28, 1925, an appeal was taken, but the transcript was not filed in time. Feb. 16, 1926, an execution was issued. The writ of *certiorari* was taken out March 3, 1926.

The defendants contend that the alderman had no jurisdiction, as the record discloses that the action was one of trespass *vi et armis* for personal injuries. With this contention we cannot agree. It has been held many times by the courts of Pennsylvania that a justice of the peace has jurisdiction of an action for damages where the injury is immediate and not consequential and such as would be recoverable at common law in an action *vi et armis:* Becker *v.* Palm, 20 Dist. R. 51; Liebowitz *v.* Keim, 30 Dist. R. 328; Garber *v.* Lockard, 28 Dist. R. 96; Sprout *v.* Kirk, 28 Dist. R. 740. In all of which cases it was held that the justice had jurisdiction to entertain an action for damages such as are claimed here, and we are convinced of the correctness of what was there decided.

In our opinion, there is a further important reason why the proceedings should be sustained.

The Act of March 20, 1810, 5 Sm. Laws, 161, provides: "That no judgment (of a justice of the peace) shall be set aside in pursuance of a writ of *certiorari* unless the same is issued within twenty days."

We realize that the twenty-day rule has been held not to apply where the justice had not jurisdiction of the parties or cause of action, but even in such case it has been held to be the duty of the party complaining to sue out the writ within twenty days after the fact of judgment came to his knowledge: The Hillside Coal and Iron Co. *v.* Featherman, 1 Kulp, 314.

In the case just cited, which is similar to the present one, Rice, P. J., in referring to the defendant, said: "He cannot lie by and treat the judgment as a nullity."

If the taking of the appeal by the defendants did not estop them from taking out a writ of *certiorari*, it was certainly evidence of knowledge of the judgment on Feb. 28, 1925. In our opinion, the delay of about one year is inexcusable.

In Scranton Trust Co., Admin'r, etc., *v.* McHale, 14 Lacka Jurist, 8, it was held: "Where it is shown that a defendant was given explicit notice of a judgment by letter from plaintiff's attorney on Oct. 20th, and acknowledged receipt of the same on a subsequent visit to the attorney's office, a writ of *certiorari* taken Feb. 25th next following will be dismissed for laches."

Mancuso *v.* Pultrosky.

The record in the case of Freeport Water Works Co. *v.* Reineke-Wagner Pump, etc., Co., 24 Dist. R. 553, was very similar to that in the present case. In that case King, P. J., said: "While it is contended by the plaintiff in error that the appeal was not its act, yet to this proposition we cannot assent. If not its act in fact (which is not conceded), it ratified and adopted it as its act when its attorney unqualifiedly appeared of record for it and filed its said appeal. Therefore, the defendant before the justice must be held to have had notice of the judgment rendered against it at the time of filing its appeal, or previous thereto, and having such notice and knowledge, its legal duty was to comply with the Act of March 20, 1810, 5 Sm. Laws, 161, and sue out a *certiorari* within twenty days thereafter, provided it wished to take advantage of the errors appearing in the justice's record. Having rested for over two years on its appeal and having made no move to perfect the same, we think it was guilty of such laches that it cannot now avail itself of a *certiorari* sued out more than two years after the rendition of the judgment by the justice and more than two years after it must be held to have had notice of the judgment rendered against it."

In the case of Morgan *v.* Miller, 54 Pitts. L. J. 219, Judge Shafer held as follows: "It is perfectly evident from this record that the defendant knew much more than twenty days before the taking of the *certiorari* that a judgment had been entered against him. His writ was, therefore, too late and judgment must be affirmed."

The fact of the judgment certainly came to the knowledge of the defendants when they took the appeal, which was about one year before they sued out the writ. In our opinion, the writ was taken too late, and the proceedings should be affirmed.

Now, Aug. 3, 1926, the exceptions are dismissed and the proceedings of the alderman sustained.

From William A. Wilcox, Scranton, Pa.